IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Robert Peoples, former SCDC #270600, ) | C/A NO. 1:08-3958-CMC-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| -versus- ) | **CORRECTED OPINION and ORDER**[*] |
| ) | |
| Cpl. Dessirene Lloyd; Sgt. Terrence Forde; ) | |
| Sgt. Scott Jones, Sgt. Bryan Taylor; Ofc. ) | |
| John Guinn; Ofc. Richard Allen; Ofc. ) | |
| Jason Corbett; Capt. Mark Cote; Ofc. ) | |
| Deborah Coles; Nurse K. Hutchinson; ) | |
| Lt. Brown; et al, All Ind. Capacities, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court on Plaintiff's *pro se* complaint alleging violations of 42 U.S.C. § 1983.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report"). On August 2, 2010, the Magistrate Judge issued a Report recommending that Defendants' motion for summary judgment be granted and this matter dismissed with prejudice. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed timely objections to the Report on August 9, 2010.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is

---

[*]The corrected Opinion and Order is entered to correct a pagination error. The substance of this Opinion is exactly the same as the Opinion and Order filed September 15, 2010. Dkt. # 122.

1

made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review as to objections made, and considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court declines to adopt the Report. First, the Report makes credibility determinations of the evidence against the non-moving party. Additionally, or perhaps as a result, the Report fails to apply the *Whitley v. Albers*, 475 U.S. 312 (1986), factors in the context of the use of a chemical munition against a prisoner as enunciated in *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996). Finally, because the constitutional rights alleged to have been violated were clearly established, and a "genuine issue of material fact" exists "regarding '[w]hether the conduct allegedly violative of the right[s] actually occurred,'" *Willingham v. Crooke*, 412 F.3d 553, 559 (quoting *Pritchett v. Alford*, 973 F.2d 307, 313 (4th Cir. 1992)), qualified immunity is unavailable at the summary judgment stage.

Therefore, for the reasons set forth below, the court **grants in part and denies in part** Defendants' motion for summary judgment. Defendants Lloyd, Forde, Taylor and Allen are **denied** summary judgment. Defendants Guinn, Corbett, Cote, Coles, Hutchinson, and Brown are **granted** summary judgment, and these Defendants are dismissed from this matter with prejudice.

For the reason discussed below in Section II.B, Defendant Scott Jones (Jones) is dismissed from this action without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

As discussed in Section III.C, the court also **denies** Plaintiff's motion for summary judgment and for directed verdict (Dkt. #84, filed Nov. 23, 2010) and **denies** Plaintiff's motion for default

judgment and to strike Defendants' answer (Dkt. #107, filed May 10, 2010). The court defers Plaintiff's motion to compel (Dkt. #112, filed June 3, 2010) until the pretrial conference as set below.

**I. FACTS**

Taken in the light most favorable to Plaintiff, the facts are as follows. On January 20, 2008, Plaintiff, a former inmate of the South Carolina Department of Corrections (SCDC), was housed in the Special Management Unit (SMU) of Lieber Correctional Institution (LCI).[1] Plaintiff claims that he was denied the opportunity to clean his cell by Defendant Dessirene Lloyd (Lloyd) and that when Lloyd came to his cell during a subsequent "cell count," Plaintiff told her that he was going to "write her up for refusing to let me clean my cell." Compl. at 3 (Dkt. #1, filed Dec. 9, 2008). Plaintiff contends Lloyd became angry because "I told her that I was going to write her up," *id*. and that "she stop[ped] conducting count came back to my cell open [sic] my flap and sprayed me with a chemical agent for no justifiable penological reason." *Id*. Plaintiff contends that Lloyd then "falsely accused me of masturbating off her . . . ." *Id*.[2] Plaintiff avers that "Lloyd did not give me a directive to stop doing anything prior to gassing me." Pl.'s Aff. at ¶5 (Dkt. # 82-1, filed Nov. 19, 2009).

Plaintiff maintains that Lloyd departed after gassing him, and that while he was using water and soap to wash his face and eyes after being gassed, *id*. at ¶7, 8, Defendant Sgt. Terrence Forde (Forde) arrived at Plaintiff's cell and

> asked me do I have my shit pack up because I'm getting stripped out. I asked him for what but he refuse[d] to tell me why. Instead he just walked back off the wing.

---

[1]Plaintiff was released from custody on September 1, 2010.

[2]Plaintiff never denies, however, that he was in his cell with his left foot on the sink and his right foot on the wall as sworn to by Lloyd. *See* Lloyd Aff. at ¶2 (Dkt. # 65-2, filed Sept. 15, 2009).

3

> Shortly after Sgt. Forde came back to my cell with Capt. Cote, Cpl. Lloyd and several other SMU officials. Sgt. Forde asked me to back up to be cuffed and I asked him for what. He stated that I was getting stripped out. I told him that I wasn't giving up my property just because Cpl. Lloyd alleged I was masturbating off her. I told him there was nothing in SCDC policies stating officials can strip me out for masturbating.

Compl. at 3-4.[3] Plaintiff does not contest the fact that he refused a directive from officials to back up to the door to be handcuffed and removed from his cell.

A forced cell movement team was assembled and thereafter "rolled in on [Plaintiff]" to remove him from his cell. *Id*. at 4. Plaintiff contends that certain members of the team thereafter used excessive physical force against him during and after the extraction, and that as a consequence, he suffered a variety of physical injuries.[4]

Plaintiff also alleges a conspiracy to violate his Eighth and Fourteenth Amendment rights, *see generally*, Compl. at 7-10, that Defendant Nurse Hutchinson (Hutchinson) and other officials were deliberately indifferent to his serious medical needs, and that "officials" violated his Fourteenth Amendment rights by allegedly destroying legal papers which he had in his cell.

**II. DEFENDANTS TO BE DISMISSED**

**A. SPECIFIC ALLEGATIONS**

It is well-settled that Plaintiff must include allegations against a specific individual to properly allege § 1983 liability, and it must be affirmatively shown that the official charged acted

---

[3]According to the verified Complaint and Plaintiff's subsequent affidavit, Plaintiff told officials he could not be stripped out of his cell for masturbating, even though he does not ever indicate that Forde or any other official told him at any point why a forced cell extraction had been authorized. See Pl.'s Aff. at ¶8, 9.

[4]There apparently was a videotape made of the incident. However, Defendants have been unable to locate this videotape, which Defendant Lloyd admits filming during the incident.

4

personally in the deprivation of Plaintiff's rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). Plaintiff's allegations as to Defendants Corbett, Guinn, Cote, Brown, and Coles do not survive Defendants' motion for summary judgment. Plaintiff has made no showing, other than his conclusory assertions regarding "officials" conspiring against him and these Defendants' alleged failure to stop this "conspiracy," that these Defendants participated in the alleged application of excessive force during the forced cell movement or otherwise violated Plaintiff's constitutional rights. As to deliberate indifference to serious medical needs, the assertion that Coles accompanied Hutchinson to the wing is insufficient to show that Coles was involved in a conspiracy to deny him medical attention. Therefore, the court **grants** Defendants' Corbett, Guinn, Cote, Brown, and Coles motion for summary judgment and dismisses these individuals from this matter with prejudice.

Plaintiff contends that Defendant Hutchinson ignored his pleas for assistance after the alleged use of excessive force and that "her denial was for the sole purpose of covering up my injuries . . . ." Compl. at 8. Plaintiff does not deny, however, that his condition was evaluated by Hutchinson, and that she determined, in her judgment, that he had not suffered injury from the alleged incident. As correctly noted by the Magistrate Judge, Plaintiff's claims would, at most, raise a claim of negligent action by Hutchinson, which is not actionable under § 1983. *See* Report at 9, 10. Therefore, Hutchinson is also entitled to summary judgment, and she is dismissed from this action with prejudice.

### B. DEFENDANT NOT SERVED

The record reflects that Defendant Scott Jones was never served with the summons and complaint in this matter. *See* Dkt. # 25 (filed Feb. 23, 2009). This issue is complicated by the haphazard inclusion of all "Defendants" in the Answer and the Motion for Summary Judgment.

However, there is no evidence that counsel had Jones' authority to answer on his behalf. Therefore, this court's summary judgment analysis is applicable to the properly-served Defendants. Pursuant to Federal Rule of Civil Procedure 4(m), Defendant Sgt. Scott Jones is dismissed from this matter without prejudice.

### III. REPORT OF THE MAGISTRATE JUDGE

*A. Defendant Lloyd*

The Report concludes Defendant Lloyd's "use of force was necessary, as the record demonstrates Plaintiff failed to follow direct orders." Report at 6.[5] The Report indicates that "[a]lthough Plaintiff denies he was masturbating, he has presented no evidence in support of his denial and the record contains an incident report of the matter." *Id*. at 6-7.

Plaintiff denies under oath that he was masturbating, and avers that Lloyd sprayed him in retaliation for his "threat" to report her to her supervisors, without any direction to "stop doing anything prior to gassing me."[6] Pl.'s Aff. at 2.

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. In the prison context, it "protects inmates from inhumane treatment and conditions while imprisoned." *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996). An inmate's Eighth Amendment claim involves a subjective component and an objective component.

---

[5]Defendant Lloyd avers that "I observed Inmate Robert Peoples standing in his cell with his left leg on the sink and his right leg on the wall. Peoples was masturbating. Peoples . . . refused my direct orders to cease his behavior. Because his behavior continued, I discharged my chemical munitions briefly into his facial area." Aff. of Dessirene Lloyd at 1-2 (Dkt. # 65-2, filed Sept. 15, 2009).

[6]Based on the Incident Report, it appears the chemical munition used was OC gas, commonly known as "pepper spray." The court notes that the munition used in *Williams v. Benjamin*, 77 F.3d 756 (4th Cir. 1996), was CS gas, commonly known as "tear gas."

6

"Specifically, Eighth Amendment analysis necessitates inquiry as to whether the prison official acted with a sufficiently culpable state of mind (subjective component) and whether the deprivation suffered or injury inflicted on the inmate was sufficiently serious (objective component)." *Id*. "These requirements spring from the text of the amendment itself; absent intentionality, a condition imposed on an inmate cannot properly be called 'punishment,' and absent severity, such punishment cannot be called 'cruel and unusual.'" *Iko v. Shreve*, 535 F.3d. 225, 238 (4th Cir. 2008) (citing *Wilson v. Seiter*, 501 U.S. 294, 298-300 (1991)).

In an excessive force case, a claimant must meet a heavy burden to satisfy the subjective component of the claim; specifically, he must prove that correctional officers applied force "maliciously and sadistically for the very purpose of causing harm" rather than in a good-faith effort to maintain or restore discipline. *Whitley*, *supra*, 475 U.S. at 320–21; *see also Wilkins v. Gaddy*, 559 U.S. ___ , 130 S. Ct. 1175 (2010). The objective component of an excessive force claim is not nearly as demanding, however, because "'[w]hen prison officials maliciously and sadistically use force to cause harm' . . . 'contemporary standards of decency are always violated . . . whether or not significant injury is evident. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury.'" *Wilkins*, 130 S. Ct. at 1179 (quoting *Hudson v. McMillan*, 503 U.S. 1, 7 (1992)).

To prove the subjective component, Plaintiff must show that an officer acted with a "sufficiently culpable state of mind." *Wilson*, 501 U.S. at 298. The state of mind required in excessive force claims is "wantonness in the infliction of pain." *Whitley*, 475 U.S. at 322.[7] "Put

---

[7]The particular showings necessary to prove each component, however, "var[y] according to the nature of the alleged constitutional violation." *Hudson*, 503 U.S. at 5. For example, to prove a claim of indifference to serious medical needs, a plaintiff must prove that officials were

7

differently, the core judicial inquiry regarding the subjective component of an excessive force claim is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Iko*, 535 F.3d. at 239 (internal quotations and citation omitted).

In *Whitley*, *supra*, the Supreme Court set forth four non-exclusive factors to assist courts in assessing whether an officer has acted with "wantonness": (1) "the need for the application of force"; (2) "the relationship between the need and the amount of force that was used"; (3) the extent of any reasonably perceived threat that the application of force was intended to quell; and (4) "any efforts made to temper the severity of a forceful response." *Whitley*, 475 U.S. at 321 (internal quotations omitted) (applying these factors in a prison riot case); *see Hudson*, 503 U.S. at 7 (extending the *Whitley* standard "to all allegations of excessive force").

The Fourth Circuit's decision in *Williams v. Benjamin*, 77 F.3d 756 (4th Cir. 1996), provides additional guidance for courts when considering claims relating to the use of mace, tear gas, or other like substances. These additional considerations inform the second and fourth prongs of the *Whitley* test, as "it is generally recognized that 'it is a violation of the Eighth Amendment for prison officials to use mace, tear gas or other chemical agents in quantities greater than necessary for the sole purpose of infliction of pain.'" *Williams v. Benjamin*, 77 F.3d 756, 763 (4th Cir. 1996) (quoting *Soto v. Dickey*, 744 F.2d 1260, 1270 (7th Cir. 1984)).

For this reason, the Fourth Circuit has closely scrutinized the use of tear gas or mace in correctional facilities. The Fourth Circuit has held that

> mace can constitutionally used in small quantities to prevent riots and escapes, or to control a recalcitrant inmate. . . . A limited application of mace may be much more

---

deliberately indifferent to his needs. *Farmer v. Brennan*, 511 U.S. 825 (1994). This is a slightly different standard than the one at issue in this case.

8

humane and effective than a flesh to flesh confrontation with an inmate. Moreover, prompt washing of the maced area of the body will usually provide immediate relief from pain.

*Williams v. Benjamin*, 77 F3d. at 763 (quotations and citations omitted). However, "it is necessary to examine the totality of the circumstances, including provocation, the amount of gas used, and the purpose for which the gas is used to determine the validity of the use of tear gas in the prison environment," as "even when properly used, such weapons 'possess inherently dangerous characteristics capable of causing serious and perhaps irreparable injury to the victim.'" *Id*. (quoting *Slackan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984)).

As noted above, Plaintiff denies under oath that he was masturbating and avers Lloyd did not give him any direction to "stop doing anything prior to gassing [him]." Lloyd avers that Plaintiff was masturbating, that she directed him to stop doing so, and that he refused. Assessing the facts in the light most favorable to the non-moving party, these diametrically opposed positions create a genuine issue of material fact to be decided by a fact-finder. Therefore, Defendant Lloyd's motion for summary judgment is **denied**.

  *B. Defendants Forde, Taylor and Allen*

The Report also makes an impermissible credibility determination relating to Plaintiff's excessive force claim against Defendants Forde, Bryan Taylor (Taylor), and Richard Allen (Allen). Plaintiff admits that he did not comply with orders to come to the door of his cell to be handcuffed and removed. While a forced cell movement may then have been appropriate under SCDC policy, based on the evidence currently in the record, the amount of force alleged to have been used during the course of the extraction could be found by a fact-finder to have been applied "maliciously and sadistically for the very purpose of causing harm." *Whitley*, *supra*, 475 U.S. at 320-21. For

9

example, Plaintiff avers Forde punched him in the head several times during the forced cell movement while Plaintiff lay prostrate on the ground. Pl's Aff. at 3. Plaintiff also avers that Taylor "stuck his fingers in my eyes and started clawing and digging in them," *id*., and "took his boot and step[ped] on the back of my neck with all his weight smashing my face to the ground as if I was a snake or something." *Id*. at 4. Finally, Plaintiff declares in his affidavit that Allen assaulted him by "twisting my legs and arms" while Plaintiff was not resisting "for the sole purpose . . . to continue to cause me pain." Compl. at 5; *see generally* Pl.'s Aff.

"An inmate who complains of a push or shove that causes no discernible injury almost certainly fails to state a valid excessive force claim." *Wilkins*, *supra*, 130 S. Ct. at 1178. However, "[a]n inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." *Id*. at 1178-79.

Viewing the facts alleged in the light most favorable to the non-moving party, Plaintiff's contentions in his Verified Complaint and averments create a genuine issue of material fact as to whether force was applied by Defendants Forde, Taylor, and Allen and, if so, whether it was done "maliciously and sadistically for the very purpose of causing harm." *Whitley*, *supra*, 475 U.S. at 320-21.

### C. PLAINTIFF'S PENDING MOTIONS

Based upon the Report's recommendation that Defendants be granted summary judgment, the Report does not specifically address Plaintiff's pending motions for "Summary Judgment or in Alternative for a Directed Verdict" (Dkt. # 84, filed Nov. 23, 2009), Motion for Default Judgment and/or to Strike (Dkt. # 107, filed May 10, 2010), or Motion to Compel (Dkt. # 112, filed June 3, 2010).

Plaintiff seeks summary judgment based upon Defendants' loss of the videotape of this incident. *See generally* M. for Summ. J. (Dkt. # 84, filed Nov. 23, 2009). The videotape could certainly affect the parties' evidentiary presentation. However, other evidence is available (in the form of witness testimony) to assist a fact-finder in making a determination of liability, and the absence of the videotape, while potentially relevant, is not determinative. Therefore, Plaintiff's motion for "Summary Judgment or in Alternative for a Directed Verdict" is **denied**.

For the same reason, Plaintiff's Motion "To Strike Defendants [sic] Answer and Enter a Default Judgment Against Them" (Dkt. # 107, filed May 10, 2010), is **denied**.

Plaintiff's pending Motion to Compel will be heard at a pretrial conference, discussed below.

### IV. QUALIFIED IMMUNITY

The court declines to adopt the Report's discussion of qualified immunity. There has been a showing of genuine issues of material fact as to the deprivation of constitutional rights, and these rights were clearly established at the time of this alleged incident.

### A. QUALIFIED IMMUNITY STANDARD

The Supreme Court in *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), held that "[g]overnment officials performing discretionary functions generally are shielded from liability for civil damages

insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id*. at 818. Defendants seek summary judgment based on qualified immunity. Determining whether an official is entitled to qualified immunity generally requires a two-step inquiry. *See generally Pearson v. Callahan*, 555 U.S. --- , 129 S. Ct. 808 (2009).[8] The court must determine whether, taken in the light most favorable to the plaintiff, the facts alleged show that the official's conduct violated a constitutional right. *Parrish v. Cleveland*, 372 F.3d 294, 301-02 (4th Cir. 2004). If the facts, so viewed, do not establish a violation of a constitutional right, the inquiry ends, and the plaintiff cannot prevail. *Id*. If the facts do establish such a violation, however, the court must determine whether the right violated was clearly established at the time of the alleged offense. *Id*. In determining whether the right violated was clearly established, the court defines the right "in light of the specific context of the case, not as a broad general proposition." *Id*. "If the right was not clearly established in the specific context of the case –that is, if it was not clear to a reasonable officer that the conduct in which he allegedly engaged was unlawful in the situation he confronted –then the law affords immunity from suit." *Id*. (citations and quotations omitted). "Fourth Circuit precedent is one source for determining whether the law was clearly established at the time of the alleged violation." *Vathekan v. Prince George's*

---

[8]In *Saucier v. Katz*, 533 U.S. 194, 200 (2001), the Supreme Court held that the test for determining qualified immunity requires that the court make a two-step inquiry "in proper sequence." In *Pearson*, however, the Court found that it is not necessary that the court review these steps in a particular order, as the inquiry process is left to the court's discretion. *Pearson*, 555 U.S. at ---, 129 S. Ct. at 818. Thus, this court may first inquire whether the right allegedly violated was clearly established at the time of the alleged offense. *Id*. If the right was not clearly established at the time of the alleged offense, then the court's inquiry need go no further. *Pearson* "does not prevent the lower courts from following the *Saucier* procedure; it simply recognizes that those courts should have the discretion to decide whether that procedure is worthwhile in particular cases." *Id*., 555 U.S. at ---, 129 S. Ct. at 821.

*County*, 154 F.3d 173, 179 (4th Cir. 1998); *see also Edwards v. City of Goldsboro*, 178 F.3d 231, 251 (4th Cir. 1999) (quoting *Jean v. Collins*, 155 F.3d 701, 709 (4th Cir.1998) (en banc)) ("In determining whether a right was clearly established at the time of the claimed violation, 'courts in this circuit [ordinarily] need not look beyond the decisions of the Supreme Court, this court of appeals, and the highest court of the state in which the case arose . . . .'").

### B. "CLEARLY ESTABLISHED"

As discussed above, an inmate's Eighth Amendment excessive force claim involves a subjective component and an objective component. A plaintiff must meet a heavy burden to satisfy the subjective component of the claim; specifically, Plaintiff must prove that an officer acted with a "sufficiently culpable state of mind." *Wilson*, 501 U.S. at 298. As noted above, the state of mind required in excessive force claims is "wantonness in the infliction of pain." *Whitley*, 475 U.S. at 322. "Put differently, the core judicial inquiry regarding the subjective component of an excessive force claim is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Iko*, 535 F.3d. at 239 (internal quotations and citation omitted).

"[W]hile the purely legal question of whether the constitutional right at issue was clearly established 'is always capable of decision at the summary judgment stage,' a genuine question of material fact regarding '[w]hether the conduct allegedly violative of the right actually occurred . . . must be reserved for trial.'" *Willingham v. Crooke*, 412 F.3d 553, 559 (4th Cir. 2005) (quoting *Pritchett v. Alford*, 973 F.2d 307, 313 (4th Cir. 1992)).

As noted above, a genuine issue of material fact exists whether Defendants Forde, Taylor, and Allen applied physical force and, if so, whether it was done "maliciously and sadistically to

13

cause harm," or in a good faith effort to maintain or restore discipline. Therefore, these Defendants are not entitled to summary judgment on grounds of qualified immunity.

As to the use of chemical munitions, over a decade ago, the Fourth Circuit held that "[i]t is generally recognized that it is a violation of the Eighth Amendment for prison officials to use mace, tear gas or other chemical agents in quantities greater than necessary or for the sole purpose of infliction of pain." *Williams*, 77 F.3d at 763 (internal quotations omitted) (emphasis added). "'Clearly established' . . . includes not only already specifically adjudicated rights, but those manifestly included within more general applications of the core constitutional principle invoked." *Pritchett v. Alford*, 973 F.2d 307, 314 (4th Cir. 1992). Therefore, Plaintiff's right to be free from the excessive use of chemical munitions or for the sole purpose of infliction of pain was clearly established at the time of this alleged incident. Lloyd is not entitled to summary judgment on the issue of qualified immunity because if she gassed Plaintiff in a "quantity greater than necessary or for the sole purpose of infliction of pain," she had "'fair warning' that [her] conduct was unconstitutional," *Ridpath v. Bd. of Governors Marshall Univ.*, 447 F.3d 292, 313 (4th Cir. 2006) (citation omitted). Plaintiff avers that there was no need or justification for the use of chemical munitions, and that he was gassed without warning in retaliation for his threat to report her. Therefore, this court **denies** Defendant Lloyd's motion for summary judgment on grounds of qualified immunity.

### V. PENDING MOTION TO COMPEL

Plaintiff has filed a renewed motion to compel. Dkt. #112 (filed June 3, 2010). The court will address this motion at a pretrial conference set for **October 7, 2010**, at **2 p.m.** The Clerk will send notice in addition to this Order.

14

### VI. CONCLUSION

Summary judgment is **granted** as to Defendants Guinn, Corbett, Cote, Coles, Hutchinson, and Brown, and these Defendants are dismissed from this matter with prejudice.

Summary judgment is **denied** as to Defendants Lloyd, Forde, Taylor and Allen. This matter shall proceed to trial during the term of court starting January 13, 2011. A pretrial conference will be held at **2:00 p.m. on October 7, 2010**, in Courtroom #2 , Matthew J. Perry, Jr., United States Courthouse, 901 Richland Street, Columbia, South Carolina.[9]

Defendant Jones is dismissed from this matter without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

Plaintiff's motion for summary judgment and for directed verdict (Dkt. #84, filed Nov. 23, 2010) is **denied**. Plaintiff's motion for default judgment and to strike Defendants' answer (Dkt. #107, filed May 10, 2010) is **denied**.

Plaintiff's renewed motion to compel (Dkt. #112, filed June 3, 2010) is deferred until the pretrial conference set for October 7, 2010.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie  
CAMERON McGOWAN CURRIE  
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina  
October 7, 2010

---

[9]Plaintiff is specifically reminded that security measures require that he produce photo identification to enter any federal courthouse.