IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Robert Peoples, former SCDC #270600, ) | C/A NO. 1:08-3958-CMC-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| -versus- ) | **OPINION and ORDER** |
| ) | |
| Cpl. Dessirene Lloyd; Sgt. Terrence Forde; ) | |
| Sgt. Scott Jones, Sgt. Bryan Taylor; Ofc. ) | |
| John Guinn; Ofc. Richard Allen; Ofc. ) | |
| Jason Corbett; Capt. Mark Cote; Ofc. ) | |
| Deborah Coles; Nurse K. Hutchinson; ) | |
| Lt. Brown; et al, All Ind. Capacities, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court on Plaintiff's motion for reconsideration. Dkt. #126 (filed Sept. 22, 2010). Defendants have responded in opposition. For the reasons below, the court **grants in part and denies in part** Plaintiff's motion for reconsideration.

Plaintiff first argues that the grant of summary judgment to Defendants Corbett, Guinn, Cote, Brown and Coles was in error because (he contends) they were sufficiently identified as having participated in alleged excessive force with Defendant Forde. The court disagrees. Identifying "some other officials" or "several other officials" as allegedly participating with another specific individual in the alleged application of excessive force is insufficient to sustain Plaintiff's burden in identifying a specific person allegedly involved in a specific act. Therefore, the court affirms its award of summary judgment as to Defendants Cote, Brown, and Coles.

Plaintiff's second contention is that the purported failure to act by certain officers (Corbett and Guinn) should be reconsidered.[1] The Fourth Circuit adopted a test for the evaluation of failure

---

[1] Defendant Scott was dismissed for failure to serve. Nurse Hutchinson (also otherwise dismissed) and Officer Coles were not present during the alleged use of excessive force. Lieutenant Brown was not present during the alleged use of excessive force. There is no evidence presented that Captain Cote was present during the alleged use of excessive force, although he "authorized"

1

to act claims under § 1983 in *Randall v. Prince George's County, Md.*, 302 F.3d 188(4th Cir. 2002). "[A]n officer may be liable under § 1983, on a theory of bystander liability, if he: (1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act." *Randall*, 302 F.3d at 204. As to the second prong, the court noted that "[i]f the bystander lacks such specific knowledge, he cannot be a participant in the unlawful acts, and the imposition of personal liability is impermissible." *Id*. at 204 n.24.

As noted above, Defendants Guinn and Corbett were granted summary judgment because Plaintiff failed to include specific allegations relating to any force used by them except to say "officials" or "officers" of the extraction team applied excessive force during the extraction. However, under the test adopted in *Randall*, on the evidentiary record as it now exists, Plaintiff has sufficiently presented a claim for officer bystander liability as to these Defendants. *See* Compl. at 7 ( "By each defendant refusing to stop the others from assaulting me," Defendants are liable for "deliberate indifference [and] aiding and abetting use of excessive force . . . ."). Neither Defendant Guinn nor Defendant Corbett submitted an affidavit or other evidence in this matter.

Therefore, Plaintiff's motion is granted as to the limited issue of whether these Defendants are liable under a theory of bystander liability. Defendants have presented no evidence to contradict the assertions contained in Plaintiff's Verified Complaint regarding knowledge of the fact that others may have been violating Plaintiff's rights, or whether they had a reasonable opportunity to act. However, these are issues for a factfinder.

---

the cell extraction team. Therefore, Plaintiff's reconsideration motion is denied as to these Defendants.

Plaintiff's final assertion of error is that this court failed to rule upon his § 1983 conspiracy claim. The Opinion and Order entered September 15, 2010, noted the assertion of the claim, but did not directly rule on this claim.

To establish a conspiracy under § 1983, Plaintiff must present evidence that Defendants acted jointly in concert and that some overt act was done in furtherance of the conspiracy, which resulted in deprivation of a constitutional right. *Glassman v. Arlington Cnty., Va.*, 628 F.3d 140, 150 (4th Cir. 2010); *Hinkle v. City of Clarksburg*, 81 F.3d 416, 421 (4th Cir. 1996). Plaintiff "must come forward with specific circumstantial evidence that each member of the alleged conspiracy shared the same conspiratorial objective." *Hinkle*, 81 F.3d at 421. Further, the "[i]ndependent acts of two [or more] wrongdoers do not make a conspiracy." *Murdaugh Volkswagon v. First Nat'l Bank*, 639 F.2d 1073, 1075-76 (4th Cir. 1981). When a plaintiff makes only conclusory allegations of a conspiracy and fails to demonstrate any agreement or meeting of the minds among the defendants, no claim will lie. *See Woodrum v. Woodward Cnty., Okla.*, 866 F.2d 1121, 1126-27 (9th Cir. 1989); *Ruttenberg v. Jones*, 283 Fed. App'x. 121, 131-32 (4th Cir. 2008) (unpublished).

Under *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, (2007) "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. Accordingly, in that case, the Court upheld the dismissal of a complaint where the plaintiffs failed to "nudge[ ] their claims across the line from conceivable to plausible." *Id*. at 570.

Under *Twombly*, Plaintiff in this case was required to allege "enough facts to state a claim to relief that is plausible on its face." *Id*. This requires a "plausible suggestion of conspiracy," *id*. at 566, and Plaintiff needed to plead facts that would "reasonably lead to the inference that

3

[Defendants] positively or tacitly came to a mutual understanding to try to accomplish a common and unlawful plan," *Hinkle*, 81 F.3d at 421.

Plaintiff's complaint fails this test. The complaint presents conclusory allegations relating to several Defendants that their actions make them "guilty of conspiracy," and Plaintiff urges the consideration that "the evidence presented support[s] plaintiff['s] claim." M. at 2 (Dkt. #126, filed Sept. 22, 2010). However, Plaintiff's factual allegations do not "reasonably lead to the inference that [Defendants] positively or tacitly came to a mutual understanding to try and accomplish a common and unlawful plan." *Hinkle*, 81 F.3d at 421. At most, Plaintiff presents evidence sufficient to survive summary judgment regarding several individuals acting independently. This is not enough to establish a conspiracy claim under § 1983.

Accordingly, the court reiterates its grant of summary judgment to all Defendants (except Defendant Scott, who was dismissed from this action without prejudice under FRCivP 4(m)) to include Plaintiff's claim of conspiracy to violate his rights under § 1983.

Therefore, for the reasons discussed above, Plaintiff's motion for reconsideration is **granted in part and denied in part**.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
February 23, 2011

4